17-2811-WHITE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X
                                      :
    UNITED STATES OF AMERICA          :
                                      :
            - v. -                    :
                                      :
    RAZHDEN SHULAYA,                  :
        a/k/a "Brother,"              :
        a/k/a "Roma,"                 :
    ZURAB DZHANASHVILI,               :
        a/k/a "Zura,"                 :
    AKAKI UBILAVA,                    :
        a/k/a "Ako,"                  :
    HAMLET UGLAVA,                    :
    MAMUKA CHAGANAVA,                 :
    MIKHEIL TORADZE,                  :
    AVTANDIL KANADASHVILI,            :
    NAZO GAPRINDASHVILI,              :
        a/k/a "Anna,"                 :
    ARTUR VINOKUROV                   :
        a/k/a "Rizhy,"                :
    EVGHENI MELMAN,                   :
    TIMUR SUYUNOV,                    :
    ZURAB BUZIASHVILI,                :
    GIORGI LOMISHVILI                 :
    AZER ARSLANOUK,                   :
    IVAN AFANASYEV,                   :
        a/k/a "Vanya,"               :
    DENIS SAVGIR                      :
    BAKAI MARAT-UULU                  :
    ANDRIY PETRUSHYN,                 :
    DIEGO GABISONIA,                  :
    LEVAN MAKASHVILI,                 :
    SEMYON SARAIDAROV,                :
        a/k/a "Sammy,"               :
    VACHE HOVHANNISYAN,               :
    DENYS DAVYDOV,                    :
    EREKLE KERESELIDZE,               :
                                      :
                                      :
                                      :
    [CONTINUED BELOW]                 :
                                      :
                                      :
                                      :

SEALED INDICTMENT

17 Cr.

**17 CRIM   350**

```
ALEX MITSELMAKHER,              :
    a/k/a "Globus," and         :
YURIY LERNER,                   :
    a/k/a "Yuri,"               :
                                :
              Defendants.       :
                                :
- - - - - - - - - - - - - - - - X
```

## COUNT ONE

### (Racketeering Conspiracy)

The Grand Jury charges:

### THE SHULAYA ENTERPRISE

1. At all times relevant to this Indictment, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," AKAKI UBILAVA, a/k/a "Ako," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, NAZO GAPRINDASHVILI, a/k/a "Anna," ARTUR VINOKUROV, a/k/a "Rizhy," EVGHENI MELMAN, TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, AZER ARSLANOUK, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, DIEGO GABISONIA, LEVAN MAKASHVILI, SEMYON SARAIDAROV, a/k/a "Sammy," and VACHE HOVHANNISYAN, the defendants, and others known and unknown, were members and associates of the "Shulaya Enterprise." The Shulaya Enterprise was an organized criminal group operating under the direction and protection of SHULAYA, a *vor v zakonei* or *vor*," which are Russian phrases translated roughly as "Thief-in-Law" or "Thief," and which refer to an order of elite criminals from the former Soviet Union who receive tribute from other

criminals, offer protection, and use their recognized status as "vor" to adjudicate disputes among lower-level criminals. As a vor, SHULAYA had substantial influence in the criminal underworld and offered assistance to and protection of the members and associates of the Shulaya Enterprise. Those members and associates, and SHULAYA himself, engaged in widespread criminal activities, including acts of violence, extortion, the operation of illegal gambling businesses, fraud on various casinos, identity theft, credit card frauds, and trafficking in large quantities of stolen goods.

2.   The Shulaya Enterprise, including its leadership, membership, and associates, constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity (the "Enterprise"). This Enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Shulaya Enterprise was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### THE SHULAYA ENTERPRISE LEADERSHIP

3.   The Shulaya Enterprise operated through groups of individuals, often with overlapping members or associates, dedicated to particular criminal tasks. While many of these crews were based

3

in New York City, the Shulaya Enterprise had operations in various locations throughout the United States (including in New Jersey, Pennsylvania, Florida, and Nevada) and abroad.  Most members and associates of the Shulaya Enterprise were born in the former Soviet Union and many maintained substantial ties to Georgia, the Ukraine, and the Russian Federation, including regular travel to those countries, communication with associates in those countries, and the transfer of criminal proceeds to individuals in those countries.

4.   The Shulaya Enterprise was led principally by two individuals, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," and ZURAB DZHANASHVILI, a/k/a "Zura," the defendants, who each coordinated and directed lower-level members and associates of the Shulaya Enterprise.

5.   RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," the defendant, was at the center of the Shulaya Enterprise, and, as a *vor*, was entitled to tribute payments and other benefits provided by his loyal subordinates within or associated with the Shulaya Enterprise.  SHULAYA oversaw the following criminal activities, among others:  illegal gambling activities; efforts to extort those who owed debts to the Shulaya Enterprise's gambling operation and others; trafficking in contraband cigarettes and stolen merchandise; efforts to defraud casinos through the use of electronic devices and software designed to predict the behavior of particular models of electronic "slot" machines; access device fraud and identity theft; narcotics

4

trafficking; efforts to rob wealthy persons; and the use of violence to maintain control over his criminal operation.

6.     ZURAB DZHANASHVILI, a/k/a "Zura," was a principal lieutenant within the Shulaya Enterprise, who supported and coordinated various criminal activities involving numerous members and associates of the Shulaya Enterprise. In his role as a lieutenant within the Shulaya Enterprise, DZHANASHVILI coordinated the following criminal activities, among others: illegal gambling activities; efforts to extort those who owed debts to the Shulaya Enterprise's gambling operation and others; trafficking in contraband cigarettes and stolen merchandise; access device fraud and identity theft; and the use of a female member of the Shulaya Enterprise to lure victims into circumstances in which DZHANASHVILI and others would rob those victims.

## PURPOSES OF THE ENTERPRISE

7.     The purposes of the Shulaya Enterprise included the following:

a.     Enriching the members and associates of the Shulaya Enterprise through, among other things, (i) the operation of illegal gambling businesses; (ii) the extortionate control of businesses, persons, and property through threats of physical and economic harm; (iii) robbery; (iv) the receipt, sale, and transportation of contraband cigarettes; (v) the receipt, sale, and transportation of stolen goods; (vi) the use of counterfeit

5

credit cards and stolen personal identifying information; (vii) the use of electronic devices and software designed to defraud casinos; and (viii) narcotics trafficking.

      b.   Preserving and protecting the power and financial profits of the Shulaya Enterprise through intimidation, violence, and threats of physical and economic harm;

      c.   Promoting and enhancing the Shulaya Enterprise and the activities of its members and associates; and

      d.   Keeping victims and citizens in fear of the Shulaya Enterprise and associates by: (i) identifying the Shulaya Enterprise, its members, and its associates with RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," the defendant, and his status as a vor; (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence.

## MEANS AND METHODS OF THE ENTERPRISE

      8.   Among the means and methods employed by the members and associates in conducting and participating in the affairs of the Shulaya Enterprise were the following:

      a.   To protect and expand the Shulaya Enterprise's business and criminal operations, members and associates of the Shulaya Enterprise conspired to threaten, assault, and intimidate persons who engaged in activity that jeopardized (i) the power and criminal activities of the Shulaya Enterprise; (ii) the power of leaders of the Shulaya Enterprise; and (iii) the flow of criminal

6

proceeds to the Shulaya Enterprise.

b.   Members and associates of the Shulaya Enterprise generated income for the Enterprise through, among other things (i) the operation of illegal gambling businesses; (ii) the extortionate control of businesses, persons, and property through threats of physical and economic harm; (iii) robbery; (iv) the receipt, sale, and transportation of contraband cigarettes; (v) the receipt, sale, and transportation of stolen goods; (vi) the use of counterfeit credit cards and stolen personal identifying information; (vii) the use of electronic devices and software designed to defraud casinos; and (viii) narcotics trafficking.

c.   Members and associates of the Enterprise at times engaged in criminal conduct and coordinated their criminal activities with leaders, members, and associates of other criminal associations.

d.   Members and associates of the Shulaya Enterprise used various techniques to avoid law enforcement scrutiny of the Shulaya Enterprise's criminal activities. Members and associates of the Shulaya Enterprise typically used coded language to make arrangements for meetings and to refer to other members and associates of the Shulaya Enterprise, and took other steps to frustrate law enforcement's efforts to overhear their discussions. Members and associates of the Shulaya Enterprise also engaged in other evasive conduct, such as the use of

7

particular cellular telephones for the discussion of particular criminal activities, the use of encrypted communications applications and devices when discussing criminal activities in an effort to thwart potential law enforcement eavesdropping, and the omission of names of those about whom they were speaking.  Members and associates of the Shulaya Enterprise also attempted to thwart potential law enforcement eavesdropping by engaging in "in-person" meetings to discuss criminal activities and by stating that certain conversations should be conducted in person, and not by telephone.

## THE RACKETEERING CONSPIRACY

9.   From at least in or about 2014, up to and including the date of the indictment, in the Southern District of New York and elsewhere, RAZHDEN SHULAYA,  a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," AKAKI UBILAVA, a/k/a "Ako," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, NAZO GAPRINDASHVILI, a/k/a "Anna," ARTUR VINOKUROV, a/k/a "Rizhy," EVGHENI MELMAN, TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, AZER ARSLANOUK, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, DIEGO GABISONIA, LEVAN MAKASHVILI, SEMYON SARAIDAROV, a/k/a "Sammy," and VACHE HOVHANNISYAN, the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described above, namely, the Shulaya Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined,

8

conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Shulaya Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

a.   Acts and threats involving extortion, in violation of New York State Penal Law, Sections 155.40, 105.10, and 110.00;

b.   Acts involving robbery, in violation of New Jersey Code of Criminal Justice, Sections 2C:15-1, 2C:5-1, and 2C:5-2.

c.   Acts indictable under Title 18, United States Code, Section 1951 (relating to extortion);

d.   Acts involving gambling, in violation of New York State Penal Law, Section 225.10;

e.   Acts indictable under Title 18, United States Code, Section 1955 (relating to the prohibition of illegal gambling businesses);

f.   Acts indictable under Title 18, United States Code, Section 1343 (wire fraud);

g.   Acts indictable under Title 18, United States Code, Section 2314 (interstate transportation of stolen property);

h.    Acts indictable under Title 18, United States Code, Section 2315 (interstate receipt and possession of stolen property);

i.    Acts indictable under Title 18, United States Code, Section 2342 (shipping, transporting, receiving, possessing, selling, distributing, and purchasing contraband cigarettes);

j.    Acts indictable under Title 18, United States Code, Section 1028 (fraud and related activity in connection with identification documents);

k.    Acts indictable under Title 18, United States Code, Section 1029 (access device fraud); and

l.    Offenses involving the felonious trafficking of controlled substances in violation of Title 21, United States Code, Sections 841, 843, and 846 (narcotics trafficking and use of wire facilities to further narcotics trafficking).

10.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

### Overt Acts

11.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about December 11, 2014, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," and MAMUKA CHAGANAVA, the

defendants, in Manhattan, New York, negotiated the sale of stolen jewelry to a confidential source working at the direction of the Federal Bureau of Investigation ("CS-1").

b.   On or about March 23, 2015, in Atlantic City, New Jersey, SHULAYA and ZURAB DZHANASHVILI, a/k/a "Zura," the defendants, negotiated for the purchase, and in fact received, cigarettes that SHULAYA and DZHANASHVILI understood to have been stolen from a facility in another state.

c.   On or about May 9, 2015, CHAGANAVA, at SHULAYA's direction, received, in the vicinity of Avenue X in Brooklyn, New York, four cases of purportedly stolen cigarettes from CS-1, to whom CHAGANAVA provided approximately $9,440 in payment for purportedly stolen cigarettes.

d.   On or about August 9, 2015, SHULAYA and ARTUR VINOKUROV, a/k/a "Rizhy," the defendant, received, in the vicinity of Cropsey Avenue, Brooklyn, New York, eleven cases of purportedly stolen cigarettes from CS-1.

e.   On or about August 18, 2015, SHULAYA and VINOKUROV, received, in the vicinity of Cropsey Avenue, Brooklyn, New York, ten cases of purportedly stolen cigarettes from CS-1, and subsequently paid CS-1 approximately $12,000 for purportedly stolen cigarettes.

f.   On or about September 2, 2015, MIKHEIL TORADZE, the defendant, received, in the vicinity of Bath Avenue,

11

Brooklyn, New York, three cases of purportedly stolen cigarettes from CS-1, and paid CS-1 approximately $17,800 for purportedly stolen cigarettes previously provided to CHAGANAVA and the Shulaya Enterprise.

g.   On or about September 17, 2015, TORADZE received, in the vicinity of Bath Avenue, Brooklyn, New York, five cases of purportedly stolen cigarettes and paid CS-1 approximately $5,000 for purportedly stolen cigarettes.

h.   In or about January 2016, SHULAYA and NAZO GAPRINDASHVILI, a/k/a "Anna," attempted to extort approximately $100,000 from the owner of a business located in the vicinity of Brighton Beach Avenue, Brooklyn, New York.

i.   On or about February 19, 2016, in the vicinity of Brighton Beach Avenue, Brooklyn, New York, at an illegal gambling establishment belonging to the Shulaya Enterprise (the "Poker House"), SHULAYA and others assaulted CHAGANAVA in retaliation for CHAGANAVA's failure to remit sufficient tribute payments to SHULAYA.

j.   On or about April 7, 2016, in the vicinity of Bay Parkway, Brooklyn, New York, HAMLET UGLAVA, the defendant, and SHULAYA received ten cases of purportedly stolen cigarettes from CS-1.

k.   On or about June 23, 2016, in the vicinity of 59th Street, Brooklyn, New York, HAMLET UGLAVA, the defendant, and

SHULAYA received ten cases of purportedly stolen cigarettes from CS-1.

l.   On or about July 25, 2016, in the vicinity of Brighton Beach Avenue, Brooklyn, New York, SHULAYA, DZHANASHVILI, and AKAKI UBILAVA, a/k/a "Ako," the defendants, met at an illegal gambling establishment belonging to the Shulaya Enterprise (the "Poker House") for the purpose of tallying approximately $70,000 in gambling proceeds from a poker game that took place on or about July 22, 2016.

m.   On or about July 25, 2016, in the vicinity of Brighton Beach Avenue, Brooklyn, New York, SHULAYA assaulted a confidential source ("CS-2") who, at the direction of law enforcement, had previously worked as a dealer at the Poker House.

n.   On or about September 1, 2016, in the vicinity of 59th Street, Brooklyn, New York, UBILAVA, acting at SHULAYA's direction, received a "Pelican Pete" electronic "slot" machine from CS-1 and transported that machine to an apartment belonging to GAPRINDASHVILI.

o.   In or about October 2016, AZER ARSLANOUK, the defendant, and SHULAYA, among others, jointly invested funds into the operation of an after-hours club (the "59th Street Club"), hosting, among other things, the availability of narcotics for purchase by patrons of the 59th Street Club, in connection with which ARSLANOUK provided bribes to local law enforcement officers

to permit the narcotics activity.

p.   On or about December 14, 2016, DZHANASHVILI and TIMUR SUYUNOV, the defendant, discussed the preparation of falsified bills of lading for use in the transportation and sale of stolen merchandise.

q.   On or about January 6, 2017, ARSLANOUK and SHULAYA, in the vicinity of Weehawken, New Jersey, met to discuss the future operation of after-hours clubs of the same type as the 59th Street Club, hosting, among other things, the availability of narcotics purchases for patrons of such clubs.

r.   On or about January 15, 2017, SHULAYA and EVGHENI MELMAN, the defendant, on a telephone call intercepted pursuant to judicial authorization, tested the operability of devices used by the Shulaya Enterprise for the purpose of defrauding casinos by predicting the behavior of particular models of electronic slot machines.

s.   On or about January 17, 2017, on a telephone call intercepted pursuant to judicial authorization, DIEGO GABISONIA, the defendant, reported to SHULAYA that GABISONIA had completed reconnaissance of a casino that featured the particular model of electronic slot machine susceptible to the Shulaya Enterprise's scheme to defraud casinos by predicting the behavior of that model of electronic slot machines.

t.   On or about January 25, 2017, SHULAYA and LEVAN MAKASHVILI, the defendant, demonstrated to CS-1 the means by which the Shulaya Enterprise would use electronic devices and software designed to predict the behavior of particular models of electronic "slot" machines in order to defraud casinos.

u.   On or about January 27, 2017, SHULAYA and MELMAN, on a telephone call intercepted pursuant to judicial authorization, arranged the transportation of two devices to be used by the Shulaya Enterprise in preparation for defrauding casinos by predicting the behavior of particular models of electronic slot machines.

v.   On or about February 12, 2017, in the vicinity of Miami, Florida, SUYUNOV and another individual ("CC-1") were arrested in possession of devices for the creation of counterfeit credit cards, as well as an electronic device containing stolen personal identifying information, including bank account numbers.

w.   On or about February 22, 2017, SHULAYA and MELMAN, on a telephone call intercepted pursuant to judicial authorization, arranged the performance of maintenance of computer servers and processors, certain of which were malfunctioning, in furtherance of the scheme to defraud casinos by predicting the behavior of particular models of electronic slot machines.

x.   On or about February 13, 2017, DZHANASHVILI, on a telephone call intercepted pursuant to judicial

authorization, coordinated with another individual to remove evidence relating to the creation of counterfeit credit cards and identity theft involving SUYUNOV from an apartment in the vicinity of Miami, Florida, following the arrest of SUYUNOV on or about February 12, 2017.

y. On or about February 27, 2017, DENIS SAVGIR, the defendant, created and attempted to create false identification documents for use by DZHANASHVILI and others in furtherance of the Shulaya Enterprise's counterfeit credit card fraud.

z. On or about February 22, 2017, in the vicinity of Las Vegas, Nevada, a coconspirator ("CC-2") at the direction of DZHANASHVILI, retrieved from a third-party approximately $1,500 obtained from the use of counterfeit credit cards and stolen personal identifying information.

aa. On or about March 1, 2017, on a telephone call intercepted pursuant to judicial authorization, IVAN AFANASYEV, a/k/a "Vanya," the defendant, requested that DZHANASHVILI oversee a team of lower-level associates of the Shulaya Enterprise who would engage in the use of counterfeit credit cards at local businesses in and around the New York City area.

bb. On or about March 3, 2017, SAVGIR and DZHANASHVILI, on a telephone call intercepted pursuant to judicial authorization, coordinated the creation of approximately thirteen

16

false identification documents for use by DZHANASHVILI and others in furtherance of the Shulaya Enterprise's counterfeit payment scheme.

cc.   On or about March 9, 2017, CC-2, in the vicinity of Brooklyn, New York, at the direction of DZHANASHVILI, attempted to contact and arrange a meeting in Atlantic City, New Jersey, with a target of a robbery scheme ("Victim-1"), in which DZHANASHVILI and CC-2 plotted to drug or otherwise render unconscious their target in order to then remove Victim-1's money and property.

dd.   On or about March 9, 2017, ZURAB BUZIASHVILI, the defendant, on a telephone call intercepted pursuant to judicial authorization, instructed DZHANASHVILI regarding the use of gas for the purpose of rendering a person unconscious in furtherance of the robbery scheme orchestrated by DZHANASHVILI and CC-2.

ee.   On or about March 21, 2017, on a telephone call intercepted pursuant to judicial authorization, BUZIASHVILI and DZHANASHVILI arranged for the transportation and sale of approximately 10,000 pounds of stolen chocolate confections to a confidential source ("CS-3"), who was negotiating the purchase of stolen goods and firearms at the direction of law enforcement.

ff.   On or about March 22, 2017, in the vicinity of Brooklyn, New York, ARSLANOUK accepted $700 from CS-2 as a down payment for two firearms that ARSLANOUK would transport from

Florida to New York State for purchase by CS-2, a person whom ARSLANOUK knew to be a convicted felon.

gg. On or about March 26, 2017, on a telephone call intercepted pursuant to judicial authorization, DZHANASHVILI and AFANASYEV coordinated the preparation of forged invoices and bills of lading for the purpose of transporting and selling approximately 10,000 pounds of stolen chocolate confections.

hh. On or about March 31, 2017, LOMISHVILI and a co-conspirator ("CC-3"), in Brooklyn, New York, met with CS-3 to coordinate the delivery of approximately 10,000 pounds of stolen chocolate confections, among other stolen items, to CS-3.

ii. On or about April 7, 2017, GABISONIA and UGLAVA, along with others, in the vicinity of Philadelphia, Pennsylvania, executed the Shulaya Enterprise's scheme to defraud casinos by predicting the behavior of particular models of electronic slot machines, and thereby obtained over $1,000 in proceeds from the manipulation of such machines.

jj. On or about April 10, 2017, SAVGIR and DZHANASHVILI, on a telephone call intercepted pursuant to judicial authorization, coordinated the creation of false identification documents for use by DZHANASHVILI and HOVHANNISYAN, among other others, in furtherance of the Shulaya Enterprise's counterfeit credit card fraud, and arranged for the delivery of those false identification documents to HOVHANNISYAN at a dental office in

Brooklyn, New York.

kk.   On or about May 3, 2017, MAKASHVILI and MELMAN, acting at SHULAYA's direction, delivered an electronic "slot" machine and other electronic devices to CS-1 for the purpose of "training" CS-1 to defraud casinos through the use of electronic devices and software designed to predict the behavior of particular models of electronic "slot" machines.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

**(Conspiracy to Commit Offenses Against the United States:   Sale
and Transport of Stolen Goods)**

The Grand Jury further charges:

12.   From at least in or about 2014, up to and including in or about May 2017, in the Southern District of New York and elsewhere, RAZHDEN SHULAYA,  a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI,  a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, AVTANDIL KANADASHVILI, ARTUR VINOKUROV, a/k/a "Rizhy," TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, and IVAN AFANASYEV, a/k/a "Vanya," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 2314 and 2315.

13.  It was a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, AVTANDIL KANADASHVILI, ARTUR VINOKUROV, a/k/a "Rizhy," TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, and IVAN AFANASYEV, a/k/a "Vanya," the defendants, and others known and unknown, would and did transport, transmit, and transfer in interstate and foreign commerce any goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314.

14.  It was further a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, AVTANDIL KANADASHVILI, ARTUR VINOKUROV, a/k/a "Rizhy," TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, and IVAN AFANASYEV, a/k/a "Vanya," the defendants, and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, and merchandise, securities, and money of the value of $5,000 and more, which had crossed a State or United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

15.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about December 11, 2014, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," and MAMUKA CHAGANAVA, the defendants, in Manhattan, New York, negotiated the sale of stolen jewelry to CS-1.

b.   On or about March 23, 2015, in Atlantic City, New Jersey, SHULAYA and ZURAB DZHANASHVILI, a/k/a "Zura," the defendants, negotiated for the purchase, and in fact received, cigarettes that SHULAYA and DZHANASHVILI understood to have been stolen from a facility in Virginia.

c.   On or about August 9, 2015, SHULAYA and ARTUR VINOKUROV, a/k/a "Rizhy," the defendant, received in the vicinity of Cropsey Avenue, Brooklyn, New York, eleven cases of purportedly stolen cigarettes from CS-1.

d.   On or about September 2, 2015, MIKHEIL TORADZE and AVTANDIL KANADASHVILI, the defendants, received, in the vicinity of Bath Avenue, Brooklyn, New York, three cases of purportedly stolen cigarettes from CS-1, and paid CS-1 approximately $17,800 for purportedly stolen cigarettes previously provided to CHAGANAVA.

e.   On or about April 7, 2016, HAMLET UGLAVA, the defendant, and SHULAYA received, in the vicinity of Bay Parkway,

21

Brooklyn, New York, ten cases of purportedly stolen cigarettes from CS-1.

        f.   On or about December 14, 2016, DZHANASHVILI and TIMUR SUYUNOV, the defendant, discussed the preparation of falsified bills of lading for use in the transportation and sale of stolen merchandise.

        g.   On or about March 21, 2017, on a telephone call intercepted pursuant to judicial authorization, ZURAB BUZIASHVILI, the defendant, and DZHANASHVILI arranged for the transportation and sale of approximately 10,000 pounds of stolen chocolate confections to CS-3, who was negotiating the purchase of stolen goods and firearms at the direction of law enforcement.

        h.   On or about March 26, 2017, on a telephone call intercepted pursuant to judicial authorization, DZHANASHVILI and IVAN AFANASYEV, a/k/a "Vanya," coordinated the preparation of forged invoices and bills of lading for the purpose of transporting and selling approximately 10,000 pounds of stolen chocolate confections.

        i.   On or about March 31, 2017, LOMISHVILI and CC-3, in Brooklyn, New York, met with CS-3 to coordinate the delivery of approximately 10,000 pounds of stolen chocolate confections, among other stolen items, to CS-3.

        (Title 18, United States Code, Section 371.)

## COUNT THREE

### (Conspiracy to Commit Offenses Against the United States: Trafficking Contraband Tobacco)

The Grand Jury further charges:

16.   From at least in or about 2014, up to and including in or about May 2017, in the Southern District of New York and elsewhere, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, AVTANDIL KANADASHVILI, and ARTUR VINOKUROV, a/k/a "Rizhy," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 2342.

17.   It was a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, AVTANDIL KANADASHVILI, and ARTUR VINOKUROV, a/k/a "Rizhy," the defendants, and others known and unknown, would and did ship, transport, receive, possess, sell, distribute, and purchase contraband cigarettes and contraband smokeless tobacco, as defined in Title 18 United States Code, Section 2341, in violation of Title 18, United States Code, Section 2342.

18.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about March 23, 2015, in Atlantic City, New Jersey, SHULAYA and ZURAB DZHANASHVILI, a/k/a "Zura," the defendants, negotiated for the purchase, and in fact received, cigarettes that SHULAYA and DZHANASHVILI understood to have been stolen from a facility in Virginia.

b.  On or about August 9, 2015, SHULAYA and ARTUR VINOKUROV, a/k/a "Rizhy," the defendant, in the vicinity of Cropsey Avenue, Brooklyn, New York, received eleven cases of purportedly stolen cigarettes from CS-1.

c.  On or about September 2, 2015, MIKHEIL TORADZE and AVTANDIL KANADASHVILI, the defendants, in the vicinity of Bath Avenue, Brooklyn, New York, received three cases of purportedly stolen cigarettes from CS-1, and provided CS-1 with approximately $17,800 as payment for purportedly stolen cigarettes previously provided to CHAGANAVA.

d.  On or about April 7, 2016, in the vicinity of Bay Parkway, Brooklyn, New York, HAMLET UGLAVA, the defendant, and SHULAYA received ten cases of purportedly stolen cigarettes from CS-1.

(Title 18, United States Code, Section 371.)

## COUNT FOUR

**(Conspiracy to Commit Fraud Relating to Identification Documents)**

The Grand Jury further charges:

19.  From at least in or about January 2017, up to and including in or about May 2017, in the Southern District of New York and elsewhere, RAZHDEN SHULAYA,  a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, DENYS DAVYDOV, EREKLE KERESELIDZE, and ALEX MITSELMAKHER, a/k/a "Globus," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Sections 1028(a)(1), 1028(a)(2), 1028(a)(3), 1028(a)(7), and 1028(a)(8).

20.  It was a part and an object of the conspiracy that RAZHDEN  SHULAYA,  a/k/a  "Brother,"  a/k/a  "Roma,"  ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, DENYS DAVYDOV, EREKLE KERESELIDZE,  and  ALEX  MITSELMAKHER,  a/k/a  "Globus,"  the defendants, and others known and unknown, knowingly and without lawful authority would and did produce an identification document, authentication feature, and a false identification document, in violation of Title 18, United States Code, Section 1028(a)(1).

25

21.   It was further a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, DENYS DAVYDOV, EREKLE KERESELIDZE, and ALEX MITSELMAKHER, a/k/a "Globus," the defendants, and others known and unknown, knowingly would and did transfer an identification document, authentication feature, and a false identification document knowing that such document and feature was stolen and produced without lawful authority, in violation of Title 18, United States Code, Section 1028(a)(2).

22.   It was further a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, DENYS DAVYDOV, EREKLE KERESELIDZE, and ALEX MITSELMAKHER, a/k/a "Globus," the defendants, and others known and unknown, knowingly would and did possess with intent to use unlawfully and transfer unlawfully five and more identification documents (other than those issued lawfully for the use of the possessor), authentication features, and false identification documents, in violation of Title 18, United States Code, Section 1028(a)(3).

23.   It was further a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV,

26

a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, DENYS DAVYDOV, EREKLE KERESELIDZE, and ALEX MITSELMAKHER, a/k/a "Globus," and others known and unknown, knowingly would and did transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under any applicable State and local law, in violation of Title 18, United States Code, Section 1028(a)(7).

      24. It was further a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, DENYS DAVYDOV, EREKLE KERESELIDZE, and ALEX MITSELMAKHER, a/k/a "Globus," the defendants, and others known and unknown, knowingly would and did traffic in false and actual authentication features for use in false identification documents, document-making implements, and means of identification, in violation of Title 18, United States Code, Section 1028(a)(8).

      (Title 18, United States Code, Section 1028(f).)

<u>COUNT FIVE</u>

(Wire Fraud Conspiracy)

The Grand Jury further charges:

25.   From at least in or about September 2016, up to and including in or about May 2017, in the Southern District of New York and elsewhere, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," AKAKI UBILAVA, a/k/a "Ako," HAMLET UGLAVA, EVGHENI MELMAN, DIEGO GABISONIA, and LEVAN MAKASHVILI, the defendants, and others known and unknown, knowingly and willfully did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

26.   It was a part and an object of the conspiracy that RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," AKAKI UBILAVA, a/k/a "Ako," HAMLET UGLAVA, EVGHENI MELMAN, DIEGO GABISONIA, and LEVAN MAKASHVILI, the defendants, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section

1343, to wit, a scheme to defraud casinos through the use of electronic devices and software designed to predict the behavior of particular models of electronic "slot" machines, thereby removing the element of chance from play of those machines.

(Title 18, United States Code, Section 1349.)

## COUNT SIX

### (Narcotics Conspiracy)

The Grand Jury further charges:

27.   From at least in or about November 2015, through at least in or about May 2017, in the Southern District of New York and elsewhere, GIORGI LOMISHVILI, BAKAI MARAT-UULU, and ANDRIY PETRUSHYN, the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

28.   It was a part and an object of the conspiracy that GIORGI LOMISHVILI, BAKAI MARAT-UULU, and ANDRIY PETRUSHYN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

29.   The controlled substance involved in the offense was (1) 500 grams and more of mixtures and substances containing a detectable amount of cocaine; and (2) 100 grams and more of mixtures and substances containing a detectable amount of heroin, in

violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT SEVEN

### (Obstruction of Justice)

The Grand Jury further charges:

30. On or about October 26, 2016, in the Southern District of New York and elsewhere, YURIY LERNER, the defendant, in a matter within the jurisdiction of the executive, legislative, and judicial branch of the Government of the United States, knowingly and willfully, would and did falsify, conceal, and cover up by a trick, scheme, and device a material fact, and make a materially false, fictitious, and fraudulent statement and representation, to wit, LERNER, lied to agents of the Federal Bureau of Investigation ("FBI") regarding information provided by LERNER to members of the Shulaya Enterprise pertaining to the FBI's investigation of the Shulaya Enterprise.

(Title 18, United States Code, Section 1001.)

## FORFEITURE ALLEGATIONS AND SUBSTITUTE ASSET PROVISION

### FORFEITURE ALLEGATION AS TO COUNT ONE

31. As a result of committing the offense alleged in Count One of this Indictment, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," AKAKI UBILAVA, a/k/a "Ako," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE,

NAZO GAPRINDASHVILI, a/k/a "Anna," ARTUR VINOKUROV, a/k/a "Rizhy," EVGHENI MELMAN, TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, AZER ARSLANOUK, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, DIEGO GABISONIA, LEVAN MAKASHVILI, SEMYON SARAIDAROV, a/k/a "Sammy," and VACHE HOVHANNISYAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963,

 a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962, as charged in Count One;

 b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct in violation of Title 18, United States Code, Section 1962, as charged in Count One; and

 c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, as charged in Count One.

## FORFEITURE ALLEGATION AS TO COUNT TWO

 32. As a result of committing the offense charged in Count Two of this Indictment, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, ARTUR VINOKUROV, a/k/a "Rizhy,"

TIMUR SUYUNOV, ZURAB BUZIASHVILI, GIORGI LOMISHVILI, and IVAN AFANASYEV, a/k/a "Vanya," the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of this Indictment.

### FORFEITURE ALLEGATION AS TO COUNT THREE

33. As a result of committing the offense charged in Count Three of this Indictment, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL TORADZE, and ARTUR VINOKUROV, a/k/a "Rizhy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of this Indictment.

### FORFEITURE ALLEGATION AS TO COUNT FOUR

34. As a result of committing the offense charged in Count Four of this Indictment, RAZHDEN SHULAYA, a/k/a "Brother," a/k/a "Roma," ZURAB DZHANASHVILI, a/k/a "Zura," TIMUR SUYUNOV, IVAN AFANASYEV, a/k/a "Vanya," DENIS SAVGIR, VACHE HOVHANNISYAN, and DENYS DAVYDOV, the defendants, shall forfeit to the United

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RAZHDEN SHULAYA, a/k/a "Brother," a/k/a
"Roma," ZURAB DZHANASHVILI, a/k/a
"Zura," AKAKI UBILAVA, a/k/a "Ako,"
HAMLET UGLAVA, MAMUKA CHAGANAVA, MIKHEIL
TORADZE, AVTANDIL KANADASHVILI, NAZO
GAPRINDASHVILI, a/k/a "Anna," ARTUR
VINOKUROV, a/k/a "Rizhy," EVGHENI
MELMAN, TIMUR SUYUNOV, ZURAB
BUZIASHVILI, GIORGI LOMISHVILI AZER
ARSLANOUK, IVAN AFANASYEV, a/k/a
"Vanya," DENIS SAVGIR
BAKAI MARAT-UULU, ANDRIY PETRUSHYN,
DIEGO GABISONIA, LEVAN MAKASHVILI,
SEMYON SARAIDAROV, a/k/a "Sammy," VACHE
HOVHANNISYAN, DENYS DAVYDOV, EREKLE
KERESELIDZE, ALEX MITSELMAKHER, a/k/a
"Globus," YURIY LERNER, a/k/a "Yuri,"

Defendants.

SEALED INDICTMENT

17 Cr.

(18 U.S.C. §§ 1962, 1349, 1028, 1001,
371 and 2; 21 U.S.C. § 846.)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.